UNITED STATES DISTRICT COURT

OF MASSACHUSETTS

CIVIL ACTION NO:

| | |
|---|---|
| Justin McFadden | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| V. | ) |
| | ) |
| Officer John Clem | ) |
| | ) |
| *Defendant* | ) **COMPLAINT FOR CIVIL PENALTIES** |
| | )  **AND DEMAND FOR JURY TRIAL** |
| City of Lynn | ) |
| | ) |
| *Defendant* | ) |
| | ) |
| | ) |

## THE PARTIES

1. The Plaintiff, Justin McFadden, resides at 434 Proctor Ave, Revere MA 02151.

2. Defendant, Officer John Clem was previously an officer for the Lynn Police Department located at 300 Washington St, Lynn MA, 01901.

3. Defendant, City of Lynn, Massachusetts City Hall is located at 3 City Hall Sq, Lynn, MA 01901.

## JURISDICTION AND VENUE

1. Jurisdiction is proper because the action arises out of a civil rights violation under 42 U.S.C. § 1983.

2. Venue is proper as the incident took place in Lynn, Massachusetts and the Defendants are all located or work in Lynn, Massachusetts.

**STATEMENT OF FACTS**

3. At approximately 12:00 PM on November 9, 2021, the Plaintiff was operating his business and leaving for his lunch break when he noticed five uniformed Lynn Police Officers surrounding a small female child who appeared to be under 10 years old.

4. The visual of five officers surrounding the small child appeared to the Plaintiff to be an excessive showing of force which made him fear for the safety of the child.

5. The Plaintiff left his vehicle and began recording the interaction between the uniformed officers and the child.

6. One of the officers asked the little girl, "Is this your father?" The little girl shook her head no, that it was not.

7. The Plaintiff demanded an explanation from the officers about what they were doing surrounding the small child.

8. It appeared to the Plaintiff that there was no reason for five officers to be present under the circumstances as the child posed no risk of harm to any of the officers.

9. One of the officers threatened to arrest Plaintiff for "interfering with the investigation." The officer demanded that the Plaintiff stop recording.

10. The Plaintiff has a first amendment right to record the police while they perform their duties, but Sgt. Clem demanded that he stop recording and demanded that he step away from the officers.

11. The little girl then began to walk away from the officers, and the Plaintiff crossed the street continuing to record from a distance. The Plaintiff was concerned for the little girl's safety.

12. The Plaintiff continued to film the interaction as the police followed the little girl when Sgt. Clem forcibly placed him under arrest, slammed him into a chain link fence, and placed the handcuffs on extremely tight.

13. After the arrest, Sgt. Clem made several racially based statements to the Plaintiff accusing him of being a drug dealer and an unsavory individual.

14. Sgt. Clem then entered the Plaintiff's automobile and searched it without probable cause and took the Plaintiff's automobile key from inside the vehicle.

15. Sgt. Clem's search of the Plaintiff's vehicle was not a search subsequent to a lawful arrest and was meant to find contraband to charge the Plaintiff with additional crimes.

16. After the search, Sgt. Clem broke the Plaintiff's automobile key by snapping it in half with his hands in front of the Plaintiff.

17. Sgt. Clem was later discharged and part of the reason for his discharge was the malicious destruction of property of the Plaintiff's automobile key.

18. The Plaintiff did not resist; however, Sgt. Clem wrote in his report that he did and charged him with Resisting Arrest, Interfering with a Police Investigation, Disorderly Conduct, Carrying a Dangerous Weapon, and several motor vehicle infractions.

19. Sgt. Clem then seized the Plaintiff's cell phone, claiming that it was evidence.

20. Sgt. Clem threatened the Plaintiff that he would be obtaining a warrant to get the video footage from the phone.

21. The Plaintiff repeatedly asked for his phone back and refused to give his password, as he believed Sgt. Clem's intent was to delete the recordings.

22. After the Plaintiff was arrested, other citizens were cautious to continue recording as Lynn Police had just arrested the Plaintiff for recording them.

23. One other individual did continue recording and obtained video footage after the Plaintiff was in handcuffs.

24. No warrant was obtained for the Plaintiff's phone, however Sgt. Clem retained custody of the phone for over a week after the arrest.

25. The video footage from the Plaintiff's cell phone exonerated him of wrongdoing and led to the complete dismissal of all his charges.

26. Sgt. Clem's actions violated the Plaintiff's 4th Amendment constitutional rights against unreasonable search/seizures.

27. Sgt. Clem's actions violated the Plaintiff's 1st Amendment right to record police officers as they perform their duties.

28. The Plaintiff's incarceration was wrongful and amounted to false imprisonment that led to an interruption of his business and other monetary damages.

## COUNT 1- UNREASONABLE SEARCH AND SEIZURE/WRONGFUL ARREST

29. The Plaintiff reaffirms and reasserts the preceding paragraphs contained herein.

30. Sgt. Clem seized the Plaintiff and took him into custody without probable cause or an arrest warrant.

31. The search of the Plaintiff was unreasonable and was motivated by Sgt. Clem not wanting the Plaintiff to record the officers.

32. The Plaintiff's first amendment rights protected his ability to record the officers while they performed their duties.

33. The Plaintiff's actions were reasonable under the circumstance as they were motivated to protect the safety of the small child.

34. Sgt. Clem used unreasonable force during the arrest, slamming the Plaintiff into a chain link fence and tightening the handcuffs extremely tight for the purpose of inflicting pain.

## COUNT 2- UNREASONABLE SEARCH AND SEIZURE OF PLAINTIFF'S PROPERTY

35. The Plaintiff reaffirms and reasserts the preceding paragraphs contained herein.

36. Sgt. Clem entered the Plaintiff's vehicle and searched it without a warrant or probable cause to do so.

37. Sgt. Clem seized the Plaintiff's automobile keys and inexplicitly snapped it in half with his hands in front of the Plaintiff.

38. Sgt. Clem seized the Plaintiff's cell phone and held onto it for over a week refusing multiple requests by the Plaintiff to return it.

39. Sgt. Clem asserted that the phone was "evidence," but did not specify whether he was wearing a body cam.

40. The seizure of the Plaintiff's personal property was unreasonable and was not likely to lead to additional evidence based on the nature of the charges.

41. The Plaintiff suffered damages as a result of not having his cell phone because customers attempted to contact him, but he was unable to respond.

## COUNT 3- FALSE IMPRISONMENT

42. The Plaintiff reaffirms and reasserts the preceding paragraphs contained herein.

43. The Plaintiff was arrested without probable cause shortly after 12:00 PM by Sgt. Clem.

44. The Plaintiff was taken to the Lynn Police station, processed, booked and charged with several offenses.

45. The Plaintiff was released from custody shortly after 11:00 PM at night despite having the requisite bail money for his release.

46. The approximate eleven-hour incarceration was wrongful and intended to punish the Plaintiff for recording the police.

47. The Plaintiff begged to be released because his dog needed to be attended to as he was left at the Plaintiff's business.

48. Neighbors of the Plaintiff heard the dog barking and crying for hours until the Plaintiff was finally released and able to feed/take his dog out to urinate.

## COUNT 4- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The Plaintiff reaffirms and reasserts the preceding paragraphs contained herein.

50. Sgt. Clem acted recklessly and intentionally when he took the Plaintiff into custody for recording the officers.

51. Sgt. Clem's conduct was extreme and outrageous as he slammed the Plaintiff into a fence, tightened the handcuffs extremely tight, and kept the Plaintiff in custody for eleven hours.

52. Sgt. Clem's conduct caused the Plaintiff severe emotional distress that has led to fear of all police officers.

## COUNT 5- ASSAULT

53. The Plaintiff reaffirms and reasserts the preceding paragraphs contained herein.

54. Sgt. Clem's actions intended on causing the Plaintiff a reasonable apprehension.

55. Sgt. Clem tried to intimidate others from recording the interaction by intentionally causing the Plaintiff to be in fear for his safety.

56. The Plaintiff was in fear for his safety, especially after the Defendant took him into custody after slamming him into a chain link fence and tightening the handcuffs extremely tight.

57. Any reasonable person in the Plaintiff's position would have suffered a reasonable apprehension under the circumstances.

## COUNT 6- BATTERY

58. The Plaintiff reaffirms and reasserts the preceding paragraphs contained herein.

59. Sgt. Clem forcibly threw the Plaintiff into a fence while he placed him under arrest.

60. The touching by Sgt. Clem was harmful and inflicted pain on the Plaintiff.

61. Sgt. Clem intended on inflicting pain to the Plaintiff.

62. Sgt. Clem's actions were the cause of the Plaintiff's physical pain after he hit the fence with his hands behind his back.

## COUNT 7- MALICIOUS PROSECUTION

63. The Plaintiff reaffirms and reasserts the preceding paragraphs contained herein.

64. The Plaintiff was charged with Resisting Arrest, Interfering with a Police Investigation, Disorderly Conduct, Carrying a Dangerous Weapon, and several motor vehicle infractions.

65. Sgt. Clem charged the Plaintiff with these offenses with malice, angered by the Plaintiff's recording of the officers.

66. All of the Plaintiff's charges were dismissed and terminated in favor of the Plaintiff.

67. Sgt. Clem did not have probable cause to charge the Plaintiff with any of the offenses.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully asks the Court:

1. To enter a judgement against the Defendants.

2. Any other relief the Court deems just and equitable.


Respectfully Submitted

Justin McFadden

By his Attorney,

/s/Andrew R. Burger
Andrew R. Burger


BBO# 706458
Law Office of Andrew R. Burger LLC
48 Elm St #1
Andover, MA 01810
978-773-0503
Andrew@Aburgerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing were served electronically through the Court's electronic filing system to all counsel and parties of record registered to receive such notice.


Date: October 29, 2022

/s/Andrew R. Burger
Andrew R. Burger
